IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT S. SALAZAR, )
)
)
        Plaintiff, )
)
        v. ) 1:10CV972
)
CAROLYN W. COLVIN,[1] )
Commissioner of Social Security, )
)
        Defendant. )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Salazar ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.    PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on June 16, 2008, alleging a disability onset date of June 12, 2008. (Tr. at 12.)[2] His application was denied initially

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #4].

(Tr. at 54-59) and upon reconsideration (Tr. at 53). Thereafter, he requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 72.) Present at the hearing, held on October 28, 2009, were Plaintiff, his attorney, and an impartial vocational expert. (Tr. at 12.) The ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Act (Tr. at 18) and, on October 26, 2010, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-4).

In rendering his disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since June 12, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: rheumatoid arthritis (RA), fibromyalgia, and chronic fatigue syndrome (CFS) (20 CFR 404.1520(c)).
> . . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
> . . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can frequently, but not constantly, finger and handle bilaterally. The claimant can lift and carry up to ten pounds. He can sit for six hours, and stand/walk for two hours in an eight hour day.

(Tr. at 14-15.)

The ALJ then considered the vocational expert's testimony regarding the above residual functional capacity ("RFC") and determined that, although Plaintiff was unable to perform any of his past relevant work, he could perform other jobs that exist in significant numbers in the national economy. (Tr. at 17.) Plaintiff therefore was not under a "disability," as defined in the Act, from his alleged onset date through the date last insured. (Tr. at 18.)

II.   LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program (SSDI), established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program (SSI), established by Title XVI of the Act as amended, 42 U.S.C. § 1381 et seq., provides benefits to indigent disabled persons. The statutory definitions and the regulations promulgated by the Secretary for determining disability, see 20 C.F.R. pt. 404 (SSDI); 20 C.F.R. pt. 416 (SSI), governing these two programs are, in all aspects relevant here, substantively identical. " Craig, 76 F.3d at 589 n.1.

disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a "listed impairment" at step three, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the [Government] to prove that a significant number

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

5

of jobs exist which the claimant could perform, despite the claimant's impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[5]

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since his alleged onset date. Plaintiff therefore met his burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from three severe impairments: rheumatoid arthritis, fibromyalgia, and chronic fatigue syndrome. (Tr. at 14.) Although the ALJ found at step three that these impairments did not meet or equal a disability listing, he determined that Plaintiff could perform only sedentary work with further limitations, such that he could not return to his past relevant work under step four of the analysis. (Tr. at 14-17.) However, the ALJ then concluded at step five, that, given Plaintiff's age, education, work experience, and RFC, he could perform other jobs available in the community and was therefore not disabled. (Tr. at 17-18.)

---

[5] A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five.

Following this unfavorable decision, Plaintiff timely submitted a letter to the Appeals Council which summarized his benefits from the Department of Veterans Affairs ("VA"). In pertinent part, this letter stated that the VA found Plaintiff to be 60 percent disabled, but was paying him at the 100 percent rate because he was "unemployable due to [his] service-connected disabilities." Thus, the VA considered Plaintiff to be totally and permanently disabled. (Tr. at 490.)

Despite this additional evidence, the Appeals Council denied Plaintiff's request for review, finding that the letter submitted by Plaintiff did not provide a basis for changing the ALJ's decision. The notice of denial provided the following rationale for the Appeals Council's decision:

> We considered the document from the Veterans Administration that you submitted which indicates that you have a service connected disability. However, that document provides no rationale as to how the determination was made nor does it indicate what evidence was considered in making that determination. Moreover, the document does not indicate what functional limitations you experience, nor does it even indicate what medical impairments you have that led to the determination's conclusion.

(Tr. at 2) (citation omitted). Plaintiff now contends that Defendant's "failure to reverse the decision of the ALJ or remand this matter [for] a new hearing based upon the new evidence submitted constitutes reversible error." (Pl.'s Br. [Doc. # 10] at 4.)

In considering this contention, the Court notes that, as provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled or blind is not binding on" the Social Security Administration ("SSA"). 20 C.F.R. § 404.1504. Rather, "the ultimate responsibility for

7

determining whether an individual is disabled under Social Security law rests with the Commissioner." SSR 06-03p. However, after the decision by the Appeals Council in this case, the Court of Appeals for the Fourth Circuit issued its decision in Bird v. Commissioner of Social Sec. Admin., 699 F.3d 337 (4th Cir. 2012). In that case, the Fourth Circuit noted that although another agency's disability determination is not binding on the SSA, "another agency's disability determination 'cannot be ignored and must be considered.'" Bird, 699 F.3d at 343. In considering the weight to give a decision of the VA in particular, the Fourth Circuit held that "[t]he assignment of at least some weight to a VA disability determination reflects the fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Bird, 699 F.3d at 343 (internal quotations omitted). The Fourth Circuit therefore concluded that "in making a disability determination, the SSA must give substantial weight to a VA disability rating," and "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. (emphasis added).

In this case, the VA made a disability determination based on Plaintiff's rheumatoid arthritis and chronic fatigue, which are the same impairments that were before the SSA. That information was included within Plaintiff's medical records, and at the hearing before the ALJ, the ALJ confirmed that Plaintiff had received a 100% disability rating from the VA. (See Tr. at

8

29 (confirming, in questioning by the ALJ, that Plaintiff has "a cumulative 100 percent service-connected disability" for his "rheumatoid arthritis, chronic fatigue and fibromyalgia"); Tr. at 137 (noting, in Plaintiff's application, his medical conditions and his service-connected disability). However, this disability rating was not addressed at all in the ALJ's decision. The Appeals Council allowed Plaintiff to submit an additional statement of his disability rating from the VA, but the Appeals Council did not make any findings as to why the record "clearly demonstrates" that a deviation from the VA's disability rating was warranted.

The Appeals Council did note that the statement from the VA "provides no rationale" and fails to indicate "what medical impairment . . . led to the determination's conclusion." However, that observation fails to consider the information presented to the ALJ during the hearing, as noted above, as well as the additional information in the record indicating that the disability rating was made in connection with Plaintiff's diagnosis of rheumatoid arthritis and chronic fatigue syndrome. (See Tr. at 241 (noting "60% SC for RA"); 278 (noting "60% SC for RA"); 288 ("He's 100% service connected for Gulf War Syndrome, chronic fatigue, RA, fibromyalgia"); 415 ("Service-Connected Eligibility" verified at "60%" for "chronic fatigue syndrome"); 417 (same); 419 (same); 435 (same)).[6]

Moreover, other courts confronting similar situations after the decision in Bird have concluded that remand is necessary. In Herrien v. Astrue, No. 2:11CV560, 2013 WL 1121361, at *11 (E.D. Va. 2013), the court noted:

---

[6] A letter in the record reflects the attachment and submission of the VA determination and underlying reports, but those records do not appear in the Administrative Record. (See Tr. at 112).

> "[t]he ALJ was advised by Mr. Herrien's counsel prior to the hearing that Mr. Herrien had a 100% federal disability retirement rating from OPM and a 40% service-connected disability rating from the VA. . . . In addition, during the hearing Mr. Herrien testified that he was receiving disability payments from OPM and the VA. . . . Despite his counsel's failure to proffer more evidence regarding these disability determinations or elicit further testimony from M. Herrien at the hearing, it nonetheless remained the duty of the ALJ to inquire into the issues necessary to adequately develop the record, since he cannot rely on the evidence submitted by the claimant if the evidence is inadequate. . . . The evidence here was clearly inadequate. Under the principle promulgated by the Fourth Circuit in Bird, evidence of another agency's disability determination is 'highly relevant' and must be given substantial weight unless the record clearly establishes that a lesser weight is appropriate. . . . Without a developed record, there is insufficient evidence to determine what weight OPM and the VA's disability determinations merit."

Herrien, 2013 WL 1121361 (citing Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986); Worthington v. Astrue, No. 7:11-cv-00207-WL, 2012 WL 4026067, at *4 (E.D.N.C .2012) ("While it appears that plaintiff, who was represented by counsel of record at the administrative hearing, failed to submit any notice or decision of disability from the issuing agency, the fact that she was receiving state disability was noted in the record, (citation omitted), and after plaintiff testified that she was receiving state disability benefits, the ALJ should have further developed the record on this point to the extent necessary to evaluate this evidence as required by SSR 06–03p")).

Other courts in this circuit have likewise concluded that remand is necessary to allow the findings now required by Bird. See Jacobs v. Colvin, Civil No. 2:12-cv-508, 2013 WL 5741538 (E.D. Va. 2013) (remanding case even where the evidence of the VA determination was only a "two-page letter, along with a one page attachment, from the VA outlining his benefits and the related disabilities," because "[n]otwithstanding the ALJ's detailed analysis and explanation of his rejection of the VA's determination, it is unclear that the ALJ met the new Bird requirement

that he provide explicit detail as to why he did not give the VA's disability rating 'substantial weight.'"); Persaud v. Colvin, No. 2:12cv661, 2014 WL 198922 (E.D. Va. Jan. 14, 2014) ("After carefully reviewing the ALJ's analysis and the record, the undersigned is unable to conclude that the ALJ's analysis after Bird is supported by substantial evidence, or that the ALJ would have reached the same conclusion in light of the new standard" since "[t]he Fourth Circuit has now made it clear that the ALJ must give the VA's disability determination 'substantial weight' or explicitly detail the reasons for giving it less weight"); Thomas v. Colvin, No. 4:12cv179, 2013 WL 5962929 (E.D. Va. Nov. 6, 2013) ("The Fourth Circuit has now made it clear that the ALJ must give the VA's disability determination 'substantial weight' or explicitly detail the reasons for giving it less weight" and "remand is necessary in order to allow the ALJ to weigh the evidence of [the plaintiff's] VA rating in accordance with Bird."); Cotton v. Colvin, No. 1:12-CV-00340-FDW-DSC, 2013 WL 4509710 (W.D.N.C. 2013) (remanding where "it is unclear from the record whether the ALJ properly considered the VA disability rating" and "[a]ccordingly, his treatment of the disability rating is not supported by substantial evidence"); Ferdinand v. Astrue, No. 4:12CV80, 2013 WL 1333540 (E.D. Va. Feb. 28, 2013) ("The record is insufficient to permit this Court to conclude what weight, if any, was given to Ferdinand's VA rating. To the extent the opinion can be interpreted as affording it only minimal weight, the record as a whole precludes a finding that this component of the ALJ's analysis is supported by substantial evidence, or that the ALJ would have reached the same conclusion on disability in light of the new standard and the post-hearing evidence submitted to the Appeals Council."); Pusz v. Astrue, Civil No. 2:11-cv-00048-MR-DLH, 2013 WL 498809 (W.D.N.C. Feb. 11, 2013)

("[T]he ALJ failed to afford significant weight to the VA rating decision or explain why the giving of less weight to this decision would be appropriate. For these reasons, the Court reverses the decision of the Commissioner and remands this case for further proceedings."); Suggs v. Astrue, No. 4:11-CV-128-FL, 2013 WL 466406 (E.D.N.C. Feb. 7, 2013) ("[T]he Fourth Circuit made clear in Bird that a VA disability determination, even if outside of the claimed disability range, is the type of evidence that must be considered, under Social Security Ruling 06–03p. As such, it is evidence that 'may have a bearing on [the Social Security] determination or decision of disability.' SSR 06–03p. . . . Accordingly, because it 'may have a bearing' on the Social Security determination, the court cannot conclude that failure to consider the VA disability determination is harmless error.")

Finally, the Court notes that in the briefing before this Court, Defendant contends that the VA's decision is entitled to less weight in this case because the VA may consider whether an individual is "unemployable" when determining disability, while the SSA does not. See Thomas v. Sullivan, 928 F.2d 255, 261 (8th Cir. 1991) (citing 42 U.S.C. § 423(d)(2)(A)) ("The issue of hireability is not to be considered in [SSA] disability hearings."); see also Barraza v. Barnhart, No. 02-10765, 61 F. App'x 917, 2003 WL 1098841, at *1 (5th Cir. Feb. 11, 2003) (unpublished) ("To the extent that Plaintiff's VA benefit payment rate was based upon vocational, rather than medical, factors, it was a non-medical opinion which is not entitled to the deference due a medical determination of disability."). However, neither the ALJ nor the Appeals Council cited this distinction as a basis for giving less weight to the VA's decision in this case, nor was any fact finding undertaken in this regard. Therefore, accepting Defendant's

12

contention on this issue risks attempting to "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing SEC v. Chenery Corp., 318 U.S. 80, 87–88, 63 S. Ct. 454, 87 L. Ed. 626 (1943)).

Of course, as has been noted by other courts, "this is not to suggest that the ALJ's conclusions on RFC could not be sustained under the new standard. . . . The ALJ might well conclude on this record that [Plaintiff's] VA rating should be given substantially less weight than the Fourth Circuit's presumption requires. But that analysis is for the ALJ to perform in the first instance. It is not the job of a reviewing court to substitute its own analysis of the evidence. In the absence of an explanation why the VA rating is afforded less weight, remand is the appropriate remedy." Persaud, 2014 WL 198922. On remand, the ALJ should directly address the VA disability rating and explain whether he gives the rating substantial weight, and if not, clearly identify the record evidence that supports any deviation from that standard.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further consideration of Plaintiff's claims in light of the Department of Veteran's Affairs disability determination noted above. Defendant's Motion for Judgment on

the Pleadings [Doc. #12] should be DENIED, and Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. #9] should be GRANTED to the extent set out herein.

This, the 6th day of February, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge